NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 11 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANTOS FRANCISCO MICHICOJ-VELASQUEZ,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 22-1963<br><br>Agency No.<br>A200-244-590<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 7, 2023**
Seattle, Washington

Before: McKEOWN, N.R. SMITH, and SANCHEZ, Circuit Judges.

Santos Francisco Michicoj-Valezquez ("Petitioner"), a native and citizen of

Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA")

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

decision affirming the Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Where, as here, the BIA summarily affirmed the IJ's decision, we review the IJ's decision as the final agency action. *Alvarado v. Holder*, 759 F.3d 1121, 1126 (9th Cir. 2014) (citations omitted). Reviewing the agency's factual findings for substantial evidence and its legal conclusions *de novo*, *see Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022), we deny the petition.

1.     The agency found Petitioner's application for asylum untimely and not filed within a reasonable period after his alleged changed circumstances. Petitioner's 2013 asylum application, filed seven years after he arrived in the United States in 2006, was untimely as a matter of law. *See* 8 U.S.C. § 1158(a)(2)(B). Although Petitioner contends that changed circumstances— namely, threats and violence inflicted on his brother and nephew in Guatemala— materially affected his asylum eligibility, the agency correctly noted that the alleged changed circumstances occurred over four years before Petitioner filed his asylum application. Substantial evidence supports the agency's determination that Petitioner's application was not filed within a reasonable period after his alleged changed circumstances. *See Husyev v. Mukasey*, 528 F.3d 1172, 1182 (9th Cir. 2008) (upholding agency determination that delay of 364 days to file application

was unreasonable); *Dhital v. Mukasey*, 532 F.3d 1044, 1050 (9th Cir. 2008) (upholding agency determination that delay of 22 months to file asylum application was unreasonable).

2. We uphold the agency's denial of Petitioner's application for withholding of removal. Petitioner failed to challenge the IJ's dispositive finding that his proposed social group—"Guatemalan witnesses of attacks committed by gang members"— was not socially distinct in his appeal before the BIA. His claim is thus forfeited. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023); *Zara v. Ashcroft*, 383 F.3d 927, 931 (9th Cir. 2004). Even if we considered the merits of this claim, substantial evidence supports the agency's determination that Petitioner's proposed social group is not recognized as socially distinct in Guatemala. *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1240, 1243 (9th Cir. 2020) (upholding agency conclusion that Guatemalan society does not recognize "people who report the criminal activity of gangs to police" as a distinct social group); *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1183 (9th Cir. 2021) (a failure to satisfy the social distinction requirement is dispositive of a claim for withholding of removal).

3. Substantial evidence supports the agency's conclusion that Petitioner did not establish an objectively reasonable fear of future persecution. While Petitioner fears that the same gang members who robbed him and sent him an

extortion letter will target him upon his return, he failed to present evidence that any gang members would recognize him or intend to inflict harm based on incidents that occurred more than ten years ago. He also failed to present evidence that the gang members who attacked his brother in 2007 or 2008 have otherwise attempted to pursue him over the past fifteen years. Evidence he submitted that criminal gangs commit systemic acts of violence throughout Guatemala is insufficient to establish that he, personally, faces a clear probability of future persecution upon return. *See Kotasz v. I.N.S.*, 31 F.3d 847, 852 (9th Cir. 1994).

4.    Substantial evidence supports the BIA's conclusion that Petitioner does not face a likelihood of torture by or with the acquiescence of government officials. *See B.R. v. Garland*, 26 F.4th 827, 844 (9th Cir. 2022). He has never been tortured in Guatemala, and country conditions evidence of systemic gang violence does not amount to a particularized risk that he will personally be targeted for torture in the future. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) (generalized evidence of violence and crime is insufficient to justify CAT protection).

**PETITION DENIED.**

22-1963